UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHLEEN BLANCK,

        Plaintiff,

-v-

CONSOLIDATED EDISON RETIREMENT
PLAN, f/k/a THE CONSOLIDATED EDISON
RETIREMENT PLAN FOR MANAGEMENT
EMPLOYEES,

        Defendant.

No. 02 Civ. 7718 (LTS)(DCF)

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion for reconsideration of one aspect of the Court's January 26, 2004, Opinion, and for relief pursuant to Federal Rule of Civil Procedure 60(b) from the judgment entered thereon. In its January 26, 2004, Opinion, this Court granted summary judgment in favor of Defendant Consolidated Edison Retirement Plan ("Defendant" or the "Plan") on two counterclaims for overpayment of benefits, in the aggregate amount of $8,575.29. (Opinion at 16.) Plaintiff Kathleen Blanck ("Blanck" or "Plaintiff") does not dispute that she was overpaid by the Plan in that amount between February 2001 and March 2002 due to clerical errors. (Id. at 15-16.)

Plaintiff now argues, however, that the Court lacked subject matter jurisdiction to adjudicate the Plan's counterclaims and that the judgment in Defendant's favor on those counterclaims should be vacated and the counterclaims dismissed without prejudice. Defendant opposes Plaintiff's motion. After carefully reviewing the parties' written submissions in support

of and in opposition to Plaintiff's motion, the Court grants the motion, without prejudice to application for intervention by a fiduciary of the Plan to prosecute these counterclaims against Plaintiff.

A party making a motion for reconsideration must show an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted); see also Fed. R. Civ. P. 60(b) (West 2005), S.D.N.Y. Local Civil Rule 6.3. Here, reconsideration is warranted because Plaintiff correctly, albeit belatedly, points out that the Plan lacks standing to bring its counterclaims.

The Second Circuit applies strictly the provisions of ERISA section 502, 29 U.S.C.A. § 1132 that identify the parties authorized to bring civil actions under the statute. See Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co., 700 F.2d 889 (2d Cir. 1983); see also Harris Trust and Savings Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 247 (2000). Thus, only the parties enumerated in the statute – the Secretary of Labor, a participant, beneficiary, or fiduciary – can bring a civil suit pursuant to its provisions, and a federal court lacks subject matter jurisdiction of such an action brought directly by a plan. See Pressroom Unions-Printers League Income Security Fund, 700 F.2d at 892; ERISA § 502(e)(1), 29 U.S.C.A. § 1132(e)(1) (West 2006).

The Defendant Plan's invocation of general federal question jurisdiction in support of its counterclaims is likewise ineffective to demonstrate subject matter jurisdiction. The Circuit has concluded that "the limited text of ERISA's civil remedies is inconsistent with judicial discovery of new liabilities," and, thus, that courts cannot turn to Federal common law to

fill gaps in ERISA's civil remedy provisions. Gerosa v. Savasta & Co., Inc., 329 F.3d 317, 322-323 and n.6 (2d Cir. 2003). Defendant's reliance upon Frank L. Ciminelli Construction Co., Inc. v. Buffalo Laborers Supplemental Unemployment Benefit Fund, 1992 WL 13425, No. 90-1265E, at *1 (W.D.N.Y. Jan. 3, 1992), aff'd, 976 F.2d 834 (2d Cir. 1992), in this regard is misplaced. In that case, the court reasoned that an employer could bring a federal common law cause of action to recover payments mistakenly made to an employee benefit plan because it otherwise would not have a remedy under ERISA at all. Frank L. Ciminelli Construction Co., Inc., 1992 WL 13425 at *2. Even assuming that this principle survives Gerosa, it is inapplicable here because ERISA's civil remedy provisions provide an avenue for the Plan's pursuit of the relief sought here, albeit through a fiduciary rather than directly in the name of the Plan.

The judgment entered on February 4, 2004, will be vacated and the Plan's counterclaims will be dismissed for lack of subject matter jurisdiction. Because it appears that a Plan fiduciary would have a cause of action under 29 U.S.C. § 1132 to recover the overpayments for the Plan by way of restitution, the Court will afford a 30 day period in which a Plan fiduciary may seek to intervene in this action to pursue the counterclaims on that basis.[1] Such an intervention application will not prejudice Plaintiff, who has long been aware of the Plan's position and claim as to the overpayment. Furthermore, allowing such an application is

---

[1] Defendant's request for permission to amend its answer to assert a state law cause of action is, however, denied as futile. Such a state law claim would be based on a benefit determination made pursuant to the terms of a plan, and thus, would "relate to" an employee benefit plan so as to be preempted by ERISA. See ERISA § 514(a), 29 U.S.C.A. § 1144(a) (West 2006) (State law claims are preempted if they "relate to any employee benefit plan."); Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 47 (1987) (interpreting the phrase "relate to any employee benefit plan" broadly for preemption purposes).

consistent with the general purposes of ERISA, which include facilitating proper plan administration and protecting plan assets. In order to recover for equitable relief under section 502(a)(3) of the statute,[2] "[the Defendant] must demonstrate that [the Plaintiff] had wrongfully secured a benefit or had passively received one which it would be unconscionable for him to retain." Geller v. County Line Auto Sales, Inc., 86 F.3d 18, 22 (2d Cir. 1996). Here, there is no dispute that Plaintiff wrongfully received additional payments from the Plan as a result of clerical errors; it would thus appear that a fiduciary would have a cause of action for restitution on the Plan's behalf. Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204 (2002), a decision cited by Plaintiff, is not to the contrary. In that case, the petitioners sought "restitution" of funds that had never been in the respondents' hands. Finding that the remedy sought was more in the nature of a legal action for personal liability for money damages than a traditional equitable restitution remedy, the Supreme Court held that it was outside the scope of section 502(a)(3). Here, the recovery sought is of monies wrongfully, and actually, paid to Plaintiff.

Accordingly, the Court grants Plaintiff's motion for reconsideration and relief from the judgment entered on February 4, 2004. The judgment is hereby vacated and the Court's Opinion and Order are vacated to the extent they grant judgment to Defendant on its counterclaims. Defendant's counterclaims are hereby dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), without prejudice to an intervention application by a Plan fiduciary to pursue the claims asserted therein. Any such application must be served and filed within 30 days

---

[2] ERISA section 502(a)(3) authorizes an employee benefit plan "participant, beneficiary or fiduciary to bring a civil action . . . to obtain . . . equitable relief (i) to redress . . . violations [of the statute or the terms of the plan] or (ii) to enforce any provisions of [the statute] or the terms of the plan." 29 U.S.C.A. § 1132(a)(3) (West 2006).

from the date hereof.

Because the outcome of further proceedings on the counterclaims will not affect the Court's determination dismissing Plaintiff's claims in this action, the Court finds that there is no just reason for delay in re-entering judgment dismissing Plaintiff's claims. The Clerk of Court is respectfully directed, pursuant to Federal Rule of Civil Procedure 54(b), to enter judgment dismissing Plaintiff's claims.

SO ORDERED.

Dated: New York, New York
January 23, 2006

LAURA TAYLOR SWAIN
United States District Judge